RICHARDS & ROBINSON, Plaintiffs in Error, *vs.* LEVIN, Defendant in Error.

1. Where a debtor, in failing circumstances, assigns all his property for the benefit of certain preferred creditors, a clause in the deed of assignment, directing the surplus, if any, after paying the enumerated debts, to be paid to the grantor, will not make the deed fraudulent as to the other creditors, where it is admitted that the whole property is insufficient to pay even the preferred debts.

## Error to Marion Circuit Court.

Richards & Robinson sued Levin by attachment, alleging in the affidavit, that Levin had made and was about to make a fraudulent disposition of his property, so as to hinder, delay and defraud his creditors. Issue was taken by defendant on the affidavit, which was tried before the court sitting as a jury. The plaintiffs read in evidence a deed of assignment made by Levin to trustees for the benefit of certain creditors, two or three days before the commencement of this suit. The deed of assignment contained a clause requiring the trustees, after paying the creditors named in the deed, to pay the *surplus* money, if any should be left from the sale of the assigned property, to Levin, the maker of the deed of assignment.

This deed of assignment and the evidence contained in the following written agreement of counsel was all the testimony in the case. The written agreement was as follows : " Plaintiffs, on their part, agree in this cause, that the deed of assignment, dated February 25th, 1850, and signed by H. Levin, Wm. M. Cooke, and R. F. Lakenan, and proof that Levin at the date of that deed was in failing circumstances, and that the property named in said deed was all the property then owned by Levin, and that Levin had, at the time of said assignment, other creditors to a large amount, besides those named in said deed of assignment, is all the evidence they have to support the affidavit herein. It is admitted by the plaintiffs, that the debts set forth in the assignment above, were just and valid debts, owed at the time by Levin. Defendant admits that all the facts set forth above, and relied on by plaintiffs, as evidence, are true. Plaintiffs admit that the amount of the debts in the deed of assignment exceeds the value of the property named therein."

The plaintiffs asked the court to instruct that this testimony was evidence of fraud in fact and in law against Levin, sufficient to sustain a verdict against him in the premises ; which instruction the court refused, and gave other and opposite instructions, to which plaintiffs excepted.

*Richmond, Harrison & Hawkins*, for plaintiffs in error. 1. The deed of assignment was in part a conveyance in trust for the use of the grantor, and therefore void by the first section of the act concerning fraudulent conveyances. R. C. 1845. 2. This is an attempt at an illegal transfer of property by a debtor in failing circumstances, for the benefit of a part only of his creditors in the first place, and secondly, for *his own use*. It is, therefore, fraudulent and void. *Goodrich* v. *Downs*, 6 Hill, 438. *Mackie* v. *Cairns*, 5 Cow. 584. *Strong* v. *Skinner*, 4 Barb. S. C. Rep. 546. *Dana, Adm'r*, v. *Lull*, 17 Vt. Rep. 390. *Harris* v. *Sumner*, 2 Pick. 129. *Burd* v. *Fitzsimons*, 4 Dallas, 77. *Passmore* v. *Eldridge*, 12 Serg. & Rawle, 198. 3. This is

such a fraudulent conveyance or assignment as is contemplated by the attachment act. R. C. 1845.

*A. W. Lamb*, for defendant in error. 1. In order to sustain the charge in the affidavit, plaintiffs were bound to prove a fraud *in fact*. It is the fraudulent *intent* with which a conveyance is made that warrants the issuing of an attachment; not the *effect* such conveyance may have upon creditors. But in this case, delay or hindrance was neither intended or effected. 2. The question, whether the deed made by Levin be void or not, in consequence of the reservation clause, cannot be considered in this case. It may be *void*, but that does not prove that it was *fraudulent*.

*Glover & Campbell*, for same. The deed of assignment was not fraudulent. 1. No schedule was necessary. 5 Mass. Rep. 42. 2. The reservation of the surplus, if any, could not vitiate it. 1 Ala. Rep. 249. 5 Pick. 32. 15 J. R. 589. 20 ib. 548. The cases in 11 Wend. 187, 2 Pick. 129, 10 Yerg. 146, and 5 Cow. 548, are not in point. They involved actual appropriations in the deed of assignment, for the benefit of the assignor, for his own use and consumption. Here, there is no attempt to appropriate the surplus to the consumption of the debtor. Payment to him may very well be effected by a payment to his creditors, as the surplus may be considered as not disposed of by the deed, and remaining, like a note given him for property *bona fide* sold, subject to seizure by creditors. See 7 Pet. 608.

GAMBLE, Judge, delivered the opinion of the court.

1. In this case it is admitted that the assignment made by Levin, when in failing circumstances, was intended to secure *bona fide* creditors named in the assignment; and that the property conveyed by the assignment, although all the property he possessed, was insufficient to satisfy the debts mentioned in the deed as the debts of the preferred creditors. It is admitted that he was, at the time of making the deed, indebted to other persons besides the creditors he preferred; and that the assignment contained a clause, under which, any sur-

plus, after paying the preferred debts, was to be paid to him. That a debtor in failing circumstances may lawfully prefer one or more of his creditors, and pay the debts due to them in full, while other creditors are left unpaid, does not now require the citation of authorities to establish. That the clause in an assignment directing the surplus, after paying the enumerated debts, to be paid to the grantor, is nothing more than a declaration of the effect which the law would give to the conveyance, is a perfectly plain truth; and in this case, where the parties have agreed that the whole amount assigned is insufficient to pay the preferred debts, the idea that the reservation of a surplus to the grantor will render the deed fraudulent, is a mere mistake.

The court below treated the case rightly, in the instructions given, and the judgment is affirmed.