ALLEN, P.
If the questions presented by the record in this case were of the first impression in this court, ' *it would be matter for grave consideration, whether deeds of trust, such as those assathed by the bill of the appellees, did not contravene the spirit of the statute against fraudulent convej'ances: Whether a deed of trust executed by a debtor on the verge of insolvency, creating preferences amongst his creditors, postponing the time of sale, the possession in the mean time remaining with the grantor, and the profits to be received by him, and executed without the knowledge of or consultation with the creditors, should not be treated as made with a fraudulent intent, because the reservations and conditions may tend to hinder and delay creditors, in the prosecution of *411 their legal remedies to enforce the payment of their debts. But these questions have been settled by a series of adjudications in this court. It would disturb many titles, if the principles heretofore established, and sanctioned by the practice of the country, were now to be questioned. If inconvenience results from the construction heretofore given to the statute against fraudulent conveyances, the remedy should be administered by the law making power. An act of the legislature would operate prospectively, and men could regulate their transactions so as to conform to its provisions. But a decision of this court, giving a new and different rule of construction, would have a retrospective and therefore an unjust operation.
Preference of favored creditors is forbidden by the bankrupt law in England. But where that law does not apply, the right to make such preferences is admitted. In Estwick v. Caillaud, 5 T. R. 420, Lord Kenyon says, It is neither illegal or immoral to prefer one set of creditors to another. The same doctrine was avowed in Nunn v. Wilsmore, 8 T. R. 521. The same rule has been sanctioned in courts of equity. Small v. Oudley, 2 P. Wms. 427. The right results from the ownership of personal property, and the unrestricted *power of alienation. The debtor, if no lien has attached, can sell it or transfer it to any creditor or purchaser, and apply the proceeds to the payment of any creditor he pleases. And if he may do so with the property or its price, there would seem to be no good reason why he should not have the right to cover it by a deed of trust for the same purpose. The right to do so was affirmed in Brashear v. West, 7 Peters’ R. 608; in Murray v. Riggs, 15 John. R. 571; and it is believed in most of the states.
The cases of McCullough v. Somerville, 8 Leigh 415; of Skipwith v. Cunningham, Id. 271; and Phippen v. Durham, 8 Gratt. 457, have recognized the doctrine in Virginia. The same cases decide that it is not necessary to the validity of such a deed, that the creditors should have been consulted beforehand. In Skipwith v. Cunningham, 8 Leigh 271, the subject is examined by Tucker, president, who observes, “that if the grantor seals and acknowledges, and delivers (though not to the grantor personally or to his agent), a deed setting forth a bargain and sale for a valuable consideration, that consideration instantly raises a use, which the statute instantly executes, and vests the estate in the bargainee, with or without his assent, leaving him, indeed, the capacity to avoid it at his pleasure, by renouncing it.” And “that there is no instance in which the courts of Virginia have decided that such deeds were incomplete and ineffectual, for such a decision would shake every title in the commonwealth.” And in the recent case of Phippen v. Durham, 8 Gratt. 457, the deed was executed without the knowledge of the creditors, and was not signed by the trustee.
That the reservation of an interest in the property, by postponing the time of sale, or directing a sale on credit, or providing for the payment of the surplus after satisfying the creditors secured, do not of themselves furnish evidence of fraudulent intent, has been affirmed by the repeated decisions of this court. Skipwith *v. Cunningham, 8 Leigh 271; Kevan v. Branch, 1 Gratt. 274; Lewis v. Caperton’s ex’ors, 8 Gratt. 148; Cochran v. Paris, supra 348; Janney v. Barnes, 11 Leigh 100.
The fact that creditors may be delayed or hindered, is not of itself sufficient to vacate such a deed, if there is absence of fraudulent intent. Every conveyance to trustees interposes obstacles in the way of the legal remedies of the creditors, and may, to that extent, be said to hinder and delay them.
Postponing a sale to an unreasonable time may be a circumstance, in connection with other circumstances, tending to prove a fraudulent intent. If made with such an intent, the time to which the sale was postponed would not affect it. Neither the stipulation to postpone the sale or to return the surplus, can operate to the exemption of any portion of the debtor’s property from the payment of his debts. The surplus is rightfully his property; everjffhing not embraced by the conveyance belongs to him for the benefit of his creditors; is liable for his' debts. The mode of subjecting it may be different, but there can be no question of the right of the creditor to do so. A deed of trust for the security of a future or contingent liability, as for the indemnity of a surety or endorser, could not be impeached for that cause alone, if made bona fide. Such deeds are of every day’s occurrence; and their validity has never been questioned. Such a deed may interpose obstacles to the legal remedies of creditors for an indefinite period of time. But the interest of the debtor would still be subject to his debts, and could be reached, if not by legal process, by a proceeding in chancery; which, in a proper case, would no doubt sequestrate and apply the rents of the land, the hires of his slaves, and the interest arising from the sale of the perishable estate, to the discharge of his debts.
The cases of Spencer v. Ford, 1 Rob. R. 648, and *Spence v. Bagwell, 6 Gratt. 444, are supposed, by the counsel of the appellees, to modify the doctrine held in other cases, and to establish principles which would show the deeds in this case to be invalid. In the first case there were two deeds of trust, the first not appearing to have been made with the knowledge of, or to have been ratified by, any creditor or trustee named therein ; and under which no claim was asserted until the execution of the second deed, and the application of the proceeds thereunder; and then the claim was asserted by a creditor not named in the deed, or known to be a creditor. It was held that such creditor was not entitled to relief against the cestui que trust in the last deed. The refusal of *412 relief under such circumstances does not decide that a deed made without consultation with creditors, is for that reason fraudulent. Before any right or claim under the first deed was known or asserted, the property had been conveyed, and the proceeds applied to a fair creditor, against whom, under the circumstances, there was no just cause of reclamation.
In Spence v. Bagwell, 6 Gratt. 444, the deed contained such limitations and conditions as secured to the debtor a full control over the property, and would have enabled him to defeat the conveyance. The deed reserved the right of possession from November 1841 until March 1843; that he should be considered the agent of the trustees, with full power to sell and collect the proceeds; and with a provision that if he paid off the debts or any part of them, by moneys not raised by the sale of the trust property, he should be considered a creditor of the trust fund, and might retain the amount out of the proceeds arising from a sale of the property conveyed. The deed on its face showed a contrivance to retain as owner first, and as agent, the control of the property, with authority to convert the proceeds of his labor into debts charging it, so as to keep it beyond the reach of his general ^creditors. Neither of these cases impairs the authority of the cases before referred to; and which it seenis to me are decisive of the case under consideration. The fraudulent intent is denied by the grantors, and there is no proof except that arising from the face of the deed. The court cannot presume the fraud unless the terms of the instrument preclude any other inference. As to the cestuis que trust, it is not pretended that they participated in any fraud. They were not consulted ; and though if the fraudulent intent clearly appeared on the face of the instrument, they would be affected by it if they claimed under it, the reservations on the face of the deeds do not raise under the doctrines of this court, an irresistible presumption of fraud which would of itself vacate the deed.
The violation by B. B. Belt of his engagement of the 17th of May 1848, to give a deed of trust on other property to secure the-appellees Seaman and Muir, can have no bearing on the deeds under consideration. They embrace other property. It does not appear that the other creditors had any notice of the agreement; and the failure of the debtor to give one creditor a deed of trust on specific property, does not even tend to prove a fraudulent intent in the execution of another deed, on other property, to secure all his creditors; the creditor in question being one of the class of preferred creditors.
I think the decree was erroneous, and that the same should be reversed, and the bill dismissed with costs.
The other judges concurred in the opinion of Allen, J.
Decree reversed.