HUGH MORGAN AND OTHERS, PLAINTIFFS IN ERROR, v. CHARLES D. BOGUE, DEFENDANT IN ERROR.

1. **Fraudulent Assignment of Goods:** JURISDICTION OF EQUITY IN CASES OF. It is clearly within the scope of equity cognizance to interfere at the suit of a creditor who has caused execution to be levied upon goods fraudulently assigned by his debtor, and to set the assignment aside as an impediment to the proper enforcement of his just legal rights.

2. **Continued Possession of Goods by Assignor Evidence of Fraud.** The continued possession of goods, assigned by the execution debtor up to the time of their being seized in execution, in the absence of a showing of good faith in him who claims under the assignment, is conclusive evidence that the assignment was fraudulent, and the statute (section 11, chapter 25, Gen. Statutes) requires the courts so to declare.

3. **Surplus of Goods Assigned may be Reserved to Assignor.** The deed of assignment contained a provision for a return to the assignor of the surplus, if any remained, of the assigned property after satisfying the claims of the creditor for whose benefit it was made. *Held*, that this reservation, being merely incidental to the primary object of the assignment, would not render it fraudulent under sec. 7, ch. 25, Gen. Statutes.

4. **Pleading:** THE LAWFUL "INTENT" MUST BE CHARGED UNDER SEC. 17, CH. 25, GEN. STATUTES. In stating a cause of action under sec. 17, ch. 25, Gen. Statutes, it is necessary to allege that the assignment was made "*with the intent*" either to hinder, delay, or to defraud the plaintiff.

ERROR to the district court for Douglas county. The action was brought by Bogue, against Morgan, Greene, and Millard, to set aside an assignment made by Morgan to Greene for the use of Millard of certain personal property therein described. The cause was heard upon a demurrer to the petition, before SAVAGE, J.; demurrer overruled and defendants standing on their demurrer, a judgment was rendered, declaring the assignment fraudulent and void as to Bogue. The cause was brought up by the defendants below upon a petition in error.

*C. J. Greene and E. Wakeley*, for plaintiffs in error.

The case of *Goodrich v. Downs*, 6 Hill, 438, is relied upon by the defendant in error (plaintiff below) to sustain the theory that the assignment is void because it contains a provision for the return of the surplus remaining after the satisfaction of the trusts therein mentioned, and the costs and expenses therewith connected to the grantor. But in a later important and well considered case, the decision in *Goodrich v. Downs*, so far as it relates to the question under consideration, was expressly overruled. *Curtis v. Leavitt*, 15 N. Y., 9. The deed in question, as appears both from the allegations of the said petition and upon face of the instru-

Morgan v. Bogue.

ment itself, was executed in good faith, and for the honest purpose of securing to the said Joseph H. Millard the payment of a *bona fide* indebtedness. Such was the real and primary object of the conveyance, and the reservations therein expressed for the use of the grantor are merely incidental to the principal object, and even had there been no reservation expressed in the deed, they would, as a matter of law, have resulted to the benefit of the grantor. This doctrine is fully and ably supported in *Curtis v. Leavitt*. See also *Ely, Clapp & Co. v. Hair & Co.*, 16 B. Mon., 230. *Rhen v. McElrath*, 6 Watts, 151. *Hindman v. Dill & Co.*, 11 Ala. *Austin v. Johnson*, 7 Humph. R., 191. *St. John v. Camp*, 17 Conn., 221. *Collomb v. Caldwell*, 16 N. Y., 484. *Richards v. Levin*, 16 Mo., 596. *Johnson v. McAllister's Assignee*, 30 Mo., 327.

*George E. Pritchett*, for defendant in error.

I. The assignment was void upon its face, because in violation of section 7 of chap. 25 Gen. Statutes. *Goodrichs v. Downs*, 6 Hill, 438. *Barney v. Griffen*, 2 N. Y., 365. *Suydam v. Martin*, Wright's R., 698. *Pierson v. Manning*, 2 Mich., 445. And because in violation of section of section 17, same chapter. *Geover v. Wakeman*, 11 Wend., 202. *Hart v. Crane*, 7 Paige, Ch. 37. *Lester v. Pollock*, 3 Robt., 692. *Dana v. Lull*, 17 Vt., 390. *Montgomery v. Kirksey*, 26 Ala., 172. The transfer under the assignment was conclusively fraudulent as to creditors, because there was not an immediate delivery to the assignee Greene, followed by an actual and continued change of possession. Section 11 Chapter 24, General Statutes. *Randall v. Parker*, 3 Sandford, Superior Ct., 69.

II. The question presented by the record is simply a question of pleading. If the facts stated in the petition

constitute a cause of action, the judgment must be affirmed. The facts alleged in the petition present a case of legal or constructive fraud as against defendant in error, a fraud in law and not a case of fraud in fact. Fraud in law is a conclusion of law drawn from facts stated or proved. In this case, from facts stated as by the demurrer, the facts alleged in the petition are admitted to be true. 1 Story Eq. Juris., Sec. 258, Id., Sec. 349. Story Eq. Pleadings, Sec. 251, a. Under the code, facts must be stated and not conclusions of law. 2 Van Santford's Pleadings, page 174 and note. When facts are set forth in a pleading from which, if proved, the court must infer fraud, it is not necessary to charge fraud specially. *Mussina v. Goldthwaite*, 34 Texas, 125.

LAKE, J.

The questions presented in this case are raised by a general demurrer to the petition.

That the relief demanded by the defendant in error is within the scope of equity cognizance is clear. Being a creditor of Morgan, and having recovered a judgment on his demand, to satisfy which he had caused the property in question to be seized in execution, he was in a situation to question the good faith of the assignment to Greene, and if it were found to be fraudulent to have it set aside as an impediment to the enforcement of his just legal rights. *Buck v. Sherman et al.*, 2 Mich., 176. *Beardsley Scythe Company v. Foster*, 36 N. Y., 561. 2 Story Eq. Jur., Sec. 700.

By the demurrer to the petition all facts properly pleaded stand admitted. Thus it appears that Morgan, a short time prior to the rendition of the judgment in favor of the defendant in error, being at the time insolvent, made an assignment of all his personal effects to Greene, for the benefit of Millard, another of Morgan's creditors,

Morgan v. Bogue.

whose claim was partially secured by a mortgage upon real estate, on which a decree of foreclosure had been entered more than a year before, but in which nothing further had been done. And it is further admitted that at the time of its assignment to Greene the property in question was in the possession of Morgan, where it remained, subject to his use and control, until taken in execution, at the instance of the defendant in error. The statutory presumption of fraud arising from this possession by the assignor is in no way rebutted. The fact that Millard, for whose benefit the assignment was ostensibly made, was a creditor of Morgan, although an important factor, is not enough to establish what the statute requires in such cases, that unless the person claiming under the assignment shall make it appear "that the same was made in good faith, and without any intent to defraud, etc.," such possession by the assignor "shall be conclusive evidence of fraud." Sec. 11, Chap. 25, Gen. Statutes. *Brunswick v. McClay,* ante p. 137. The petition shows the continual possession of the property by the assignor up to the time of the levy of the execution, which, in the absence of a showing of good faith in him who claims under the assignment, is enough to require the courts to hold the deed absolutely void as against the execution creditor.

It is contended further for the defendant in error that the assignment is obnoxious also to the seventh section of said chapter, because of the provision for a return to the assignor of the surplus, if any remained, of the property after satisfying Millard's demand; and several cases were cited which support this view, notably among them being that of *Goodrich v. Downs,* 6 Hill, 438, and *Barney v. Griffin et al.,* 2 N. Y., 365. But we think that both reason and the better authorities are the other way, and that this section of the statute has no application to an assignment not primarily for the use of the as-

Morgan v. Bogue.

signor, and when the reservation is partial and merely incidental. *Curtis et al. v. Leavitt*, 15 N. Y., 9. *Huber v. Waterman et al.*, 33 Penn. St., 414. *Richards et al. v. Levin*, 16 Mo., 596. *Johnson v. McAllister's Assignee*, 30 Id., 327. That it should ever have been considered that a clause, merely in terms stipulating for that which, if it had been omitted, the law would have implied and required to be done, was an insuperable badge of fraud, seems quite unaccountable, and the cases which so hold are not satisfactory.

And finally, it is claimed that the assignment should be held void, also under the facts alleged in the petition as being in violation of section seventeen of the aforesaid chapter of the statutes, which among other things declares that every assignment of goods, etc., "made with the intent to hinder, delay, or defraud creditors or persons of their lawful rights, damages," etc., "as against the persons so hindered, delayed, or defrauded, shall be void." But this claim is not tenable for want of the very material averment in stating a cause of action under this section, that the assignment was made "with the *intent*" either to hinder, delay, or to defraud the defendant in error. To an assignment made without such intent this section has no application whatever.

On the sole ground, therefore, of the conclusive, because unanswered, statutory presumption of fraud arising from the continued possession of the goods by the assignor, the judgment of the court below must be affirmed.

JUDGMENT AFFIRMED.