# Wytheville.

YOUNG AND ALS. V. WILLIS AND ALS. .

82  291
89  517

JULY 15th, 1886.

1. FRAUDULENT CONVEYANCES—*Case at bar.*—A deed conveys land
and horses and utensils on it to trustee in trust to secure *bona fide*
creditors, some of whom are preferred, and reserving to grantor for
three years the use and profits by paying interest annually on cer-
tain of the debts; sale to be made at the end of that period at the
instance of a majority of the unpaid creditors—

HELD:

Such deed is not *per se* fraudulent on its face. *Dance* v. *Seaman*
11 Gratt. 778; *Brockenbrough* v. *Brockenbrough*, 31 Gratt. 580.

2. IDEM—*Case at bar.*—In suit to impeach such deed as fraudulent, an
order made by the court to take the horses and utensils from the
possession of grantor and sell them, held to be erroneous.

3. IDEM—*Badges of fraud.*—As to what are, and what are not, badges
of fraud, *see opinion.*

Appeal from decrees of circuit court of Franklin county,
rendered respectively on 30th April and 11th June, 1885, in
the chancery cause of Steven B. Willis and Henry C. Lester,
against Jackson Young, J. W. Hartwell, trustee, and others.

The object of the suit was to impeach as fraudulent a trust
deed executed by Young to Hartwell to secure certain credi-
tors, preferring some, and conveying a tract of land and six
horses and utensils then on the land, and reserving to Young
the use and profits thereof for the period of three years, by his
paying the interest annually on certain of the debts, at the
end of which time sale was to be made, if the debts were not
paid, at the requirement of the persons holding a majority of
the debts.

Some of the defendants appeared, answered, denying the alleged fraud, though the answer on oath was waived in the bill, and demurred to the bill, and moved to dissolve the injunction which had been awarded at the prayer of the complainants. The circuit court overruled the motion to dissolve and the demurrer to the bill, and ordered the sale of the horses and utensils which had been taken possession of by a receiver under a previous order of the court. No depositions had been taken, or other evidence filed. From these orders the defendants obtained an appeal and *supersedeas.*

Opinion states the facts.

*G. E. Dennis,* for the appellants.

*Whittle & Anderson* and *Dillard & Duprey,* for the appellees.

Insisted that the cases relied on in the appellant's petition, viz: *Lewis* v. *Caperton,* 8 Gratt. 148.; *Cochran* v. *Paris,* 11 Gratt. 348; *Dance* v. *Seaman,* 11 Gratt. 778; *Earman* v. *Sipe,* 26 Gratt. 563; and *Brockenbrough* v. *Brockenbrough,* 31 Gratt. 580, were essentially different from the case under argument, and elaborately reviewed those cases. Contended that there was no obligation on this court to stretch the doctrine of *stare decisis* to the extent of making any of those cases uphold the appellant, Young, in the perpetration of this fraud and injustice. Said it was gratifying to know that this court, and the courts of other States, had seen fit to call a halt in this class of cases, and to interpret section one, of chapter 114, of the Code of 1873, and similar statutes, according to their plain terms and intendment. Cited the cases of *Wray* v. *Davenport,* 79 Va. 19 and *McCormick* v. *Atkinson,* 78 Va. 8, as holding that conveyances, professedly indemnifying creditors, but expressly or impliedly reserving to grantors, powers inconsistent, and

adequate to defeat such purpose, are void as to creditors and purchasers. Referred to *Lang* v. *Lee,* 3 Rand. 410; *Shepherd* v. *Turpin,* 3 Gratt. 373; *Addington* v. *Etheridge,* 12 Gratt. 436; *Perry & Co.* v. *Shenandoah Valley Nat. Bank,* 27 Gratt. 755; and reviewed those cases. Quoted Code 1873, chapter 175, section two, under which this suit was brought, and attempted to justify the circuit court in placing the personal property in the hands of a receiver and ordering its sale, *pendente lite,* as perishable, under Code 1873, chapter 148, section 16.

LACY, J., delivered the opinion of the court.

The case is as follows: On the 13th day of February, 1885, the appellant, Jackson L. Young, executed a deed conveying to the appellant, J. W. Hartwell, a tract of land situated in Franklin county, and certain personal property thereon, in trust, to secure the payment of his debts, preferring some of his creditors, and postponing others, the appellees being the last, along with the Henry County Bank.

Upon the bill of the appellees, attacking the said trust deed as fraudulent, an injunction was awarded injoining the grantor and trustee from interfering with the property conveyed in the said deed, and a receiver was appointed to seize the personal property on the plantation of the said Jackson L. Young, and hold it in his possession until the future order of the court. This was in vacation, and subsequently on the 4th day of May the bill was filed. An injunction was issued, and the personal property of the said Jackson L. Young was seized by the said receiver. On the 12th of May Young, and Hartwell, the trustee, demurred to the bill, and answered; both denied the charge of fraud, and of all bad faith in the premises.

The grantor, Young, answered at length, admitted his indebtedness to the plaintiffs, declared his intention to pay all

his debts, alleging that so far from trying to defraud his credi-
tor, Willis, that he had actually paid a considerable part of
his debt since the deed was made, although only a few months
had elapsed; that the deed was made not to defraud his
creditors, but to secure to them the payment of their debts;
that all the debts secured were justly and honorably due from
him, as could be shown by abundant proof; that the debts
due the estate of Poindexter were preferred, because of the
peculiar circumstances surrounding them—his life-long obliga-
tion to Poindexter, and his promise to him, made on his death-
bed, to secure to his estate every thing he owed him—his
death occurring on the 13th of January, 1883; that he had
preferred his creditors in the order appearing to him just, and
for reasons which seemed sufficient; that until the issuing of
the order aforesaid, he was in possession of all the property
conveyed in the deed, and was using the same for the purpose
of making all he could to pay his debts; that he had paid
part of the debt to the Henry Bank also since the execution
of the deed.

J. D. Carter also answered, being one of the preferred credi-
tors, that the debt secured to him was a just debt, and that he
had had reliable means of information that all the debts secured
in the deed were just debts, and sustained the statement in
Young's answer concerning the peculiar obligations to Poin-
dexter, and the promises on his death-bed. And that the
trustee in the deed was an old sheriff, who had held many
places of public trust, all of which had been faithfully filled,
and that he was selected as trustee because of his fitness, and was
a most suitable person to act as trustee.

On the 30th of June following, without any testimony being
taken in the cause upon the bill, demurrer and answers, *in
vacation*, the judge of the circuit court entered an order over-
ruling the demurrer, and ordering the horses in the possession

of the receiver to be sold, upon ten days' notice, for cash, as to enough to pay the expenses of sale and the keep of said horses, then upon a credit of six months. Thereupon the appellants applied for and obtained an appeal to this court.

It is thus seen that the orders complained of were rendered in the cause without proof, and without deciding that the trust deed was fraudulent; but as the bill attacked the deed as fraudulent, the orders of the court doubtless proceed upon the idea that the deed was fraudulent upon its face.

The deed conveyed a tract of land lying in Franklin county, containing, by estimation, one hundred and fifty acres, and its appurtenances; six horses, and all the farming tools and utensils now on the land, upon trust—first, that the grantor should be allowed to occupy and enjoy the use and profits of the property thereby conveyed for the term of three years, by paying the interest annually on such debts thereby secured as are thereinafter declared to be preferred debts, and denominated as classes number one and two; that if, at the expiration of the said term of three years, the debts thereby secured (all the admitted debts of the grantor) are not liquidated, the person or persons holding a majority of the debts at that time, remaining unpaid may, at any time require the said trustee, upon due notice, to advertise and sell the property, &c., and pay the debts in the order designated.

The deed does not convey all the property, either real or personal, of the grantor; and since the execution of the said deed the grantor offered to convey other lands to the appellee, Willis, to secure his debt, and has actually paid him a part of his debt, the property unconveyed being left open to the attack of such of his (the grantor's) creditors as should determine to pursue it; none of whom had ever sued him on any of their debts until the institution of this suit.

A conveyance made with intent to delay, hinder, or defraud creditors, is void as to such creditors, their representatives, or assigns. The badges whereby a fraudulent intent may be discovered, according to the authorities, are numerous; among them, may be mentioned, first, when the conveyance is of all one's property, without any reservation; that it is made pending the writ or suit; that the grantor remains in possession of the granted property, yet the retaining possession of the property may be provided for in the conveyance, and be consistent with its terms and objects.

Any provision contained in the deed, tending to delay, hinder, or defraud creditors will invalidate it. An unreasonable postponement of the period of sale, and of payment would have that effect. *Indeed to reserve any benefit to the grantor himself, or to introduce limitations and contingencies such as will give him such control over the property or to its proceeds, as to enable him in effect to defeat the conveyance, or if the deed contains a power, in any way equivalent in its effects to a power of revocation, reservations to the grantor made expressly or reserved impliedly, inconsistent with and adequate to defeat the declared purpose, will be fatal to the conveyance.* Lang v. Lee, 3 Rand. 410; Barnes v. Janney, 11 Leigh, 100; Shepherd v. Turpin, 3 Gratt. 374; Spence v. Bozwell, 6 Gratt. 444; Addington v. Etheridge, 12 Gratt. 436; McCormick, v. Atkinson, 78 Va. 8, and cases cited; Wray v. Davenport, 79 Va. 19, and cases cited. To prefer one creditor to another, however (neither having any lien), is not in contravention of any rule of law in this State.

It was said by Lord Kenyon (*Esturick* v. *Calland,* 5 T. R. 424) that it was neither illegal or immoral to prefer one set of creditors to another. Until there was a legal lien by judgment or execution fixed upon the debtor's property, he may, though in failing circumstances, assign his estate in trust; and if it be done in good faith, he may thereby prefer one creditor to

another, without committing a fraud, within the statute, upon the creditors who are delayed or hindered. *Pickstock* v. *Lyster*, 3 Maw. and Selw. 371. Nor is it an objection that the conveyance defeats all other creditors of their legal remedies, though they may amount to a majority in number and value. And while an unreasonable postponement of a sale, under the deed, has been held to invalidate the deed, as tending to delay, hinder, or defraud creditors, what is an unreasonable postponement, or a reasonable postponement, of the sale has been often considered, and the same period has been variously held reasonable or unreasonable. Two years, three years, and other periods have been held reasonable in the various cases decided in this court, which are familiar to the profession.

In this case we might say, as Judge Allen said in *Dance* v. *Seaman*, 11 Gratt. 779: "If the questions presented by the record in this case were of the first impression in this court, it would be matter for grave consideration, whether deeds of trust, such as those assailed by the bill of the appellees, did not contravene the spirit of the statute against fraudulent conveyances; and whether a deed of trust, executed by a debtor on the eve of being sued, creating preferences among his creditors, postponing the time of the sale, the possession in the meantime remaining with the grantor, and the profits to be received by him, and executed without the knowledge of, or consultation with, his creditors, should not be treated as made with a fraudulent intent, because the reservations and conditions may tend to hinder and delay creditors in the prosecution of their legal remedies to enforce the payment of their debts. But these questions have been settled by a series of adjudications in this court. It would disturb many titles if the principles heretofore established and sanctioned by the practice were now to be questioned. If inconvenience results from

the construction heretofore given to the statute against fraudu-
lent conveyances, the remedy should be administered by the
law-making power."

The right to prefer one creditor over another results from
the ownership of the property and the unrestricted power of
alienation. The debtor, if no lien has attached, can sell it or
transfer it to any creditor or purchaser, and apply the proceeds
to any creditor he may desire; and if he may do so with the
property, or its price, there would seem to be no good reason
why he should not have the right to cover it by a deed of trust
for the same purpose. That the reservation of an interest in
the property by postponing the time of the sale, or directing
a sale on credit, or providing for the payment of the surplus,
after satisfying the creditors secured, do not of themselves fur-
nish evidence of a fraudulent intent, has been affirmed by the
repeated decisions of this court.

The fact that creditors may be delayed or hindered, is not
of itself sufficient to vacate such deed if there is absence of
fraudulent intent. Every conveyance to trustees interposes
obstacles in the way of the legal remedies of the creditors, and
may, to that extent, be said to hinder and delay them. "No
irresistible inference of intent to defraud is deducible from a
provision in a deed of trust postponing a sale of the property
conveyed for a reasonable length of time, and reserving the use
of the property to the grantor until sale, even though a portion
of the property conveyed may be perishable in its nature and
consumable in the use." Opinion of Burks, Judge, in *Brocken-
brough* v. *Brockenbrough,* 31 Gratt. 590.

In this case there is no proof whatever, except such as may
be found upon the face of the deed. This court cannot pre-
sume fraud unless the terms of the instrument preclude every
other inference. The sale is postponed in the deed in question
for three years; this period was held reasonable by this court
in a recent case. *Sipe* v. *Earman,* 26 Gratt. 568.

There is no personal property conveyed in the deed except the horses, and the farming tools and implements, and their possession is necessary to preserve the land conveyed, and tends to thus enhance, rather than to diminish, the security provided for the creditors.    I can see no difference between this and other conveyances held to be valid by this court.    There is no evidence of fraud to be found upon its face; there is no proof of fraud anywhere in the case; there is no legal principle upon which it can be held to be fraudulent in the light of the decided cases.    *Brockenbrough* v. *Brockenbrough, supra,* and cases there cited; *Cockran* v. *Paris,* 11 Gratt. 778; *Dance* v. *Seaman, supra;* *Lewis* v. *Caperton,* 8 Gratt. 148; *Brashear* v. *West,* 7 Peters' R. 608; *Murray* v. *Riggs,* 15 John R. 571; *McCullock* v. *Somerville,* 8 Leigh, 415; *Skipwith* v. *Cunningham,* 8 Leigh; *Phippin* v. *Durham,* 8 Gratt. 457.

We are of opinion that the deed in this case is valid and binding, and that the orders of the circuit court of Franklin, decreeing the seizure and sale of the property (in part) therein conveyed, upon the idea that the said deed was fraudulent, are erroneous, and must be reversed and annulled; and that the bill of the plaintiffs herein must be dismissed with costs.

The decree was as follows:

This day came again the parties, by their counsel, and the court, having maturely considered the transcript of the record of the decrees aforesaid, and the arguments of counsel, is of opinion, for reasons stated in writing and filed with the record, that the decrees of the circuit court of Franklin county appealed from here, rendered on the 30th day of April and 11th day of June, 1885, respectively, are wholly erroneous.

The court doth therefore adjudge and order that the said decrees be reversed and annulled, and that the appellees do

Decree.

pay to the appellants their costs by them expended in the prosecution of their appeal aforesaid here. And this court, proceeding to render such decree as the said circuit court of Franklin ought to have rendered, doth further adjudge, order and decree that the bill of the complainants be dismissed, and that the complainants do pay to the defendants their costs by them expended in their defence in the said circuit court of Franklin county. Which is ordered to be certified to the said circuit court of Franklin county.

DECREE REVERSED.