**Richmond.**

89  513
93  740

## NORRIS v. LAKE ET ALS.

### January 5th, 1893.

1. JURISDICTION—*Appealable order.*—Where a decree decides that the deed attacked by the bill as fraudulent *per se* is not so, thus overruling one of the grounds on which relief is prayed for in the bill, it adjudicates, to a certain extent, the principles of the cause, and is therefore an appealable order. Code, § 3454.

2. RECEIVER—*Case for.*—The appointment of a receiver is not a matter of right, but of discretion, to be exercised with caution, and never, except in a strong case, and where the court is satisfied there is imminent danger of loss.

3. TRUST DEED—*Fraud.*—Fraud in such a deed is never presumed unless the terms of the instrument preclude any other inference. Nor does a provision postponing sale for a reasonable time, and reserving the use of the property to the grantor in the meantime; nor does the fact that the exact amounts of the debts are not accurately stated, with power in the trustee to ascertain their respective amounts; nor the provisions that there shall be no sale until one or more of the creditors require it, or that the sale shall be for cash, render the deed fraudulent on its face. *Sipe* v. *Earman,* 26 Gratt. 563.

Appeal from decree of the circuit court of Fauquier county, rendered April 20, 1891, in a suit wherein H. D. B. Norris, the appellant here, was plaintiff, and W. H. Lake and others were defendants; the case being as follows:

The appellant, a judgment creditor of the appellee, William H. Lake, filed his bill, at the March rules, 1890, to set aside, on the ground of fraud, a deed of trust executed by Lake, on the 30th of August, 1889, to James V. Brooke and R. Taylor Scott, trustees, to secure certain debts therein mentioned. The deed, a copy of which is exhibited with the bill, was executed shortly before the recovery of the judgment, and

conveys a tract of land and a considerable amount of personalty, embracing horses, cattle, hogs, farming utensils, &c., to secure (in the language of the deed) "to William L. Lake a debt due to him by the said William H. Lake, the amount whereof cannot now be accurately stated, but believed to be about the sum of $2,000; to Theodore M. Triplett a debt due to him by the grantor, the amount whereof cannot now be accurately stated, but the principal of which is believed to be about $2,600; to J. A. Chappelear a debt of about $648, due by bond or note, on which the said William L. Lake and Theodore M. Triplett are sureties; to Robert Bayly a debt of about $3,200, due by the grantor, on which the said William L. Lake is surety, and a debt due to Shacklett & Pfeifer for about $300, due by note and open account."

The deed then provides that the trustees "shall, with all convenient dispatch, proceed to ascertain accurately the amount of said several debts"; and, further, that "if default be made by the grantor in the payment of said debts, or either of them, when the amounts thereof are so ascertained, then, or so soon after the happening of such default as the said creditors, or either of them, may require, it shall be the duty of the trustees" to sell the property conveyed, at public auction, for cash, the grantor in the meantime to continue in possession of the property.

The bill charges (1) that the deed is fraudulent on its face, in that its reservation of possession of the property by the grantor is inconsistent with the avowed purposes of the deed, and because it requires a sale for cash; and (2) that it is fraudulent in fact, in that it was made with intent to hinder, delay, and defraud the plaintiff and other creditors of the grantor. And the prayer of the bill is for a receiver, that the deed be set aside, and for general relief.

The court, by an order entered on the 21st of March, 1890,

refused to appoint a receiver, but directed the trustees to take possession of, and to sell, the personal property, on the terms prescribed by the deed of trust; which was accordingly done.

The cause was then referred to a commissioner for an account of liens to be taken, who duly acted, and returned his report, which was filed April 1st, 1891. The commissioner reported the deed in question as constituting a valid lien of the second class; to which report the plaintiff excepted on four grounds—viz.: "(1) Because the deed is fraudulent, the same having been made to hinder, delay, and defraud creditors; (2) because the debts secured therein to William L. Lake and Theo. M. Triplett—one the son, the other the son-in-law of the grantor—are fraudulent, and have no existence in fact; (3) because the debt of $750, reported as due to the son for services rendered, is invalid, because there was no agreement between the parties to pay for such services; and (4) because the said debts are invalid, and not recoverable or enforceable by sale under deed of trust, inasmuch as they have never been given in for taxation to the commissioner of the revenue."

When the cause came on to be heard, on the 20th of April, 1891, the court, without passing on the question as to whether the deed was fraudulent in fact, but being of opinion that it is not fraudulent on its face, overruled " all the exceptions which are inconsistent with this view," and recommitted the report to the commissioner to reconsider it touching the debts mentioned in the exceptions, with authority to take additional evidence, and to re-examine any witness who had already testified, if deemed proper or necessary. From this decree the plaintiff applied for an appeal, which was allowed.

*J. W. Foster*, for appellant.

*Brooke & Scott*, for appellees.

LEWIS, P., (after stating the case,) delivered the opinion of the court.

A preliminary question has been raised as to the jurisdiction. The appellees insist that the appeal ought to be dismissed as having been improvidently awarded. But we are of opinion that the decree of the 20th of April, 1891, adjudicates, to a certain extent, the principles of the cause, and is therefore an appealable order. Code, sec. 3454. It decides that the deed is not fraudulent *per se*, thus overruling one of the grounds upon which relief is prayed for in the bill; and the appeal from that decree brings up all the prior proceedings in the cause. The motion to dismiss must therefore be overruled.

The first error assigned is the refusal to appoint a receiver; and the second is that there was error in holding that the deed is not fraudulent on its face.

We are of opinion that these assignments are not well taken. The principle relied on by the appellant—viz., that the reservation by the grantor in a deed of trust of a power adequate to the defeat of the avowed purposes of the deed vitiates the deed as to any creditor thereby postponed—is admitted; but the present case is not within the influence of this principle. The provision of the deed, leaving the property in the grantor's possession until sale is made, is not of itself evidence of fraud, nor does the deed reserve to the grantor, as in *Lang* v. *Lee*, 3 Rand. 410; *Perry* v. *Shen. Nat'l Bank*, 27 Gratt. 755, and other cases, the power of sale, or any other power incompatible with the avowed purposes of the deed. Fraud in such a case is never to be presumed, unless the terms of the instrument preclude any other inference; and this court has repeatedly held that fraud is not an irresistible inference from a provision in a deed of trust postponing a sale for a reasonable length of time, and reserving the use of the property to the grantor in the meantime. In such a case any interest so reserved which is subject to the grantor's debts is not withdrawn from the reach of creditors, but may be sub-

jected in any appropriate proceeding for that purpose. *Dance* v. *Seaman*, 11 Gratt. 778; *Sipe* v. *Earman*, 26 Id. 563; *Brockenbrough* v. *Brockenbrough*, 31 Id. 580; *Young* v. *Willis*, 82 Va. 291; *Paul* v. *Baugh*, 85 Id. 955.

The trustees, moreover, in the present case, are expressly required to proceed with all convenient dispatch to ascertain the amount of the several debts secured in the deed, and then, or whenever thereafter any one or more of the secured creditors may require it, to sell the property conveyed, at public auction. There is nothing on the face of the deed to warrant the inference that the amount of the debts cannot be accurately ascertained within a reasonable time, nor does the fact that the exact amount of the debts is not stated render the deed fraudulent *per se*. *Keagy* v. *Trout*, 85 Va. 390.

Nor is there any force in the suggestion that the property is indefinitely locked up, because there can be no sale until one or more of the creditors require it; for it is not to be presumed that the creditors will be unmindful of their rights, or otherwise than prompt in asserting them. But be that as it may, the decisions of this court are numerous, several of which have been already cited, in which similar provisions in deeds have been sustained; and it is clear, besides, on principle, that, in case of any undue delay, a court of equity would compel the execution of the trust, and decree the surplus, if any, after paying the debts secured in the deed, to those entitled thereto.

Another inference of fraud is sought to be deduced by the appellant from the provision requiring a sale for cash. But it would be most remarkable to hold that of itself a badge of fraud, when such are the terms prescribed by the statute in cases in which the deed does not otherwise provide. Code, sec. 2442.

The circuit court, therefore, rightly held that the deed is not fraudulent on its face; and, this being so, there was clearly

no error in overruling the motion for a receiver. When the motion was acted on, no evidence had been taken tending to prove fraud in fact, and the motion was not renewed after the return of the report of the commissioner and the evidence accompanying it.

The appointment of a receiver is not a matter of right, but of discretion, to be governed by the circumstances of the case, one of which circumstances is the probability of the plaintiff's being ultimately entitled to a decree. It is, moreover, a power always to be exercised with caution, and never except in a strong case. The general rule is to refuse an interlocutory application for a receiver, unless the plaintiff presents at least a *prima facie* case, and the court is satisfied that there is imminent danger of loss.

Moreover, in the present case, the undisputed debts prior to the appellant's judgment exceed in amount the assessed value of the land, and the proceeds of the personalty, which was sold under a decree in the. cause, are under the control of the court; so that, in any point of .view, for aught the record shows, the appellant was not prejudiced by the refusal to appoint a receiver.

Whether the deed is fraudulent in fact, or whether the debts excepted to are *bona fide* and recoverable in this suit, are questions which have not as yet been passed on by the lower court. As to these matters the court, in the exercise of a discretionary power, recommitted the report for further inquiry, and of this action the appellant, under the circumstances of the case, has no right to complain.

DECREE AFFIRMED.