## HARVEY

### *v.*

### ANDERSON *et al.*

*(Supreme Court of Appeals of Virginia, April 29, 1896.)*

[24 S. E. Rep. 914.]

Deed of Trust to Secure Creditors—Evidence of Fraud—Case at Bar.*

That a deed of trust of all an insolvent's property, executed to secure part of his creditors, provides for payment of the surplus to the grantor, is not of itself evidence of fraudulent intent.

Same—Same—Same.

That the grantor in a trust deed made to secure, among other things, the surety on a building contract of the grantor, performed the contract, after executing the deed, so that no liability remained on the surety, does not show that the deed was executed with improper motives.

Same—Same—Same.

A deed of trust, though made solely to secure one against any future loss as indorser, cannot for that reason be impeached, if made bona fide.

Same—Same—Same.

The provision in a deed of trust for 10 per cent. commissions for the trustee, though more than provided by statute, is not evidence of fraudulent intent, this not being shown to be excessive or unreasonable compensation.

Same—Same—Same.

The inclusion, in a deed of trust to secure certain creditors, of the balance due on a building contract, without regard to rights of subcontractors, has little if any weight on the question whether the deed was made with fraudulent intent.

---

*See monographic note on "Deeds of Trust," Va. Rep. Anno.; foot-note to Gordon *v.* Cannon, 18 Gratt. 387 (Va. Rep. Anno.).

Appeal from chancery court of Richmond.

Suit by J. W. Anderson & Co. against M. J. Moore and others to set aside, as fraudulent, a trust deed. From a decree for complainant, defendant J. H. Harvey appeals. Reversed.

*Courtney & Patterson*, for appellant.

*Rutherfoord & Page*, for appellees.

BUCHANAN, J., delivered the opinion of the court.

The first ground relied on to show that the deed of trust whose validity is assailed in this suit was made with a fraudulent intent is that the grantor, who was hopelessly insolvent when it was made, assigned all of his property to secure only a portion of his creditors, and directed that the surplus of the proceeds of the property conveyed, after the payment of the liabilities secured, should be paid to him. This, it is claimed, renders the deed fraudulent upon its face. It does not appear from the deed that the property conveyed was the grantor's entire estate, nor that he had creditors other than those secured by it. It appears on its face to be an ordinary deed of trust, conveying certain property, to protect a surety and indorser and other creditors, with direction to pay over the surplus, if any, to the grantor.

But, if it were such a deed as appellees claim, the provision in the deed for the payment of the surplus would not be conclusive evidence of a fraudulent intent. Whatever may be the rule in New York, whose decisions are cited to sustain the opposite view, the rule in this state, and generally, it is believed, does not hold such a deed to be per se fraudulent. It is difficult to understand how the insertion of a provision in a deed of trust requiring that to be done which, if it had been omitted, the law would have implied and required, should ever have been considered conclusive evidence of a fraudulent intent. Our

statute (section 2442 of the Code of 1887) provides that the trustee "shall pay the surplus, if any, to the grantor, his heirs, personal representatives or assigns"; and, independent of the statute, the grantor or his representatives were entitled to the surplus.    As was said by the supreme court of Pennsylvania, such a provision is mere surplusage.    It does not operate, as was said by this court in Dance v. Seaman, 11 Grat. 782, to exempt any part of the debtor's property from the payment of his debts.    The surplus is rightfully his property.    Everything not embraced by the conveyance belongs to him, for the benefit of his creditors, and is liable for his debts.    Such a deed may, and frequently does, interpose obstacles to the legal remedies of creditors.    Not only is this true as to such a conveyance as this, but every conveyance to trustees interposes obstacles in the way of the legal remedies of the creditors, and to that extent may be said to hinder and delay them.    The mode of subjecting the property may be different, but there can be no question of the right of the creditor to do so, nor is it material that the unsecured creditors may have to resort to a court of equity for aid in subjecting the reserved interest.    There is no doubt that the provisions of a deed of trust may be of such a character as of themselves to furnish sufficient inference of a fraudulent intent.    As was said by Judge Burks in Brockenbrough v. Brockenbrough, 31 Grat., at page 590, "Such is the case where the grantor reserves a power over the property conveyed incompatible with the avowed purposes of the trust, and adequate to the defeat thereof."

But, while this principle is established, it is equally well-settled, as was held by this court in Dance v. Seaman, 11 Grat. 778, 781, "that the reservation of an interest in the property, by postponing the time of sale, or directing a sale on credit, or providing for the payment of the surplus after satisfying the creditors secured, do not of themselves furnish evidence of fraudulent intent."    That decision has been quoted and approved by this court in Quarles v. Kerr, 14 Grat. 55 ; Brocken-

brough v. Brockenbrough, 31 Grat. 590; Young v. Willis, 82 Va. 298; and other cases.

That a provision in a deed of trust directing that the surplus, if any, after the payment of the debts secured, shall be paid to the grantor, does not of itself furnish evidence of fraudulent intent, is sustained by the better reason, and, it is believed, by the weight of authority.´ Bump, Fraud. Conv. (2d Ed.) 307, 308; Richards v. Levin, 16 Mo. 596; Morgan v. Bogue, 7 Neb. 433; Hubler v. Waterman, 33 Pa. St. 414; Johnson v. McAllister's Assignee, 30 Mo. 327, 331.

The charge that the deed was in fact executed with the intent to hinder, delay, and defraud the other creditors of the grantor is denied by him, and also by the trustee and the appellant.

The property conveyed, it is claimed, was much greater than was necessary to protect and secure the creditors named in the deed.    This contention is not sustained by the evidence.

After satisfying the liens upon the property which are prior and superior to the deed of trust, it is not at all clear that the proceeds of the trust property will be sufficient to satisfy. the debts secured by it.

Neither is it true that the deed incorrectly stated the grantor's liability to the appellant.    The trust provides for securing him as surety upon a bond executed by the grantor to Mrs. Wilde for the faithful execution of his contract in building two houses which he had undertaken to build for her, and also to protect him as indorser on a note of the grantor for about $750.    The fact that the building contract was so performed that there was no liability on the appellant as surety on the bond does not show that the deed of trust was executed with improper motives on the part of either the grantor or the appellant.    This result was such, no doubt, as both parties desired and expected.

The note upon which the appellant was indorser is still unpaid.    Deeds of trust made solely for the security of a future

or contingent liability, as for the indemnity of a surety or indorser, cannot be impeached for that cause, if made bona fide. Such deeds are of frequent occurrence, and their validity has never been questioned. Dance v. Seaman, supra.

The provision for the payment of 10 per cent. commissions to the trustee for his services is more than is provided by statute for such services, and more than is generally paid, unless there be unusual trouble and difficulty attending the execution of the trust. Reasonable compensation for the services to be rendered is all that should be provided for or allowed. Where an excessive or unreasonable provision is made, it is a circumstance which, with other circumstances, may show a fraudulent intent. But in this case it has not been made to appear that the sum provided for was excessive or unreasonable. In fact, the receiver of the court, who made sale of one of the parcels of property embraced in the trust, was allowed 10 per cent. commissions by the court for his services.

Another circumstance relied on as a badge of fraud is the fact that the grantor embraced in the deed of trust the balance due him from Mrs. Wilde on the contract for building the two houses referred to above, without regard to the rights of his subcontractors who furnished material for, and did work upon, the houses.

Without expressing any opinion upon the question as to which of these two classes of creditors has the superior right to the money due from Mrs. Wilde, it is sufficient to say that the conveyance or attempted conveyance of that sum to the trustee is a circumstance of little or no value in determining the question whether or not the deed of trust was made with a fraudulent intent.

Other circumstances are relied upon to establish the fraudulent intent, but they are not of sufficient consequence to be specially noticed.

Upon the whole case, we are of opinion that the parties at-

tacking the deed of trust have failed to show that it was made with intent to hinder, delay, and defraud the grantor's creditors. The decree of the chancery court must therefore be reversed, and the cause remanded to that court, there to be proceeded with in accordance with the principles announced in this opinion.