### Caroline Ruprecht v. Philip Henrici.

#### Gen. No. 11,635.

1. RECEIVER—*what pleading essential to appointment of.* The appointment of a receiver must be predicated upon some pleading praying affirmative relief; a mere petition is not such a pleading, nor is an answer not made a cross-bill.

2. RECEIVER—*what showing essential to appointment of.* A receiver should not be appointed unless the showing made establishes a reasonable probability that the party asking such receiver will ultimately prevail in the cause.

3. RECEIVER—*when appointment of, in foreclosure suit, is unwarranted.* A receiver should not be appointed in a foreclosure proceeding where it does not appear that the trust deed provides for the appointment of a receiver and that the mortgaged premises are insufficient security for the debt.

4. RECEIVER—*who may question appointment of.* One who is interested in lands sought to be foreclosed and who is a party to the suit in which such foreclosure is sought, may properly question by appeal an order appointing a receiver in such suit.

Appeal from an interlocutory order appointing receiver. Appeal from the Superior Court of Cook County; the Hon. THEODORE BRENTANO,

Judge, presiding. Heard in this court at the October term, 1903. Reversed. Opinion filed March 31, 1904.

Ives, Mason & Wyman, for appellant.

Arnold Tripp, for appellee.

Mr. Presiding Justice Adams delivered the opinion of the court.

This is an appeal from an interlocutory order appointing a receiver. April 23, 1903, appellant filed a bill to foreclose a mortgage of certain premises described as lot 16 and the south 39 feet of lot 15, in block B, in the County Clerk's Division, etc., which mortgage is dated February 5, 1897, was recorded February 26, 1897, and was executed by Catherine Bredow, to secure payment of a promissory note for the sum of $4,000, with interest at six per cent per annum. Catherine Bredow, Ernest Bredow, husband of Catherine, Philip Henrici, as trustee of Catherine Bredow, and others, were made defendants to the bill.

July 18, 1903, Azariah T. Galt, as trustee of the estate of William Bross, deceased, filed a bill to foreclose certain trust deeds, executed by Catherine and Ernest Bredow to secure certain sums of money, said trust deeds, respectively, conveying the premises known as 628, 630 and 632 LaSalle avenue, in Chicago, Illinois, and the south 55 feet and one-half inch of lots 15 and 16 and the north 25 feet of the south 39 feet of lot 15, in block B, in the aforementioned County Clerk's Division. All of said trust deeds are dated and were executed prior to the date of recording of the said first mentioned trust deed, and that they constituted first liens is not controverted. Catherine Bredow and Ernest Bredow, her husband, Philip Henrici, as trustee and individually, Frank H. Ruprecht and William J. Ruprecht, as heirs at law of John Ruprecht, deceased, Caroline Ruprecht, and others, were made defendants to the bill. August 4, 1903, Catherine and Ernest Bredow, and Philip Henrici, as trustee and in his own right, answered the Galt bill. In the answer it is averred that Henrici, in his

own right, has a claim of $6,000, with interest at six per
cent per annum, evidenced by note executed January 8,
1897, by Catherine Bredow, and secured by a trust deed of
said date executed by said Catherine and her husband,
Ernest Bredow, and Philip Henrici, as trustee, conveying
said premises to Arnold Tripp, in trust, and that all of
said sum, evidenced by said note and the interest thereon
long since became due and remain unpaid. The answer is
not made a cross-bill, nor is any relief prayed by it. Such
proceedings were had that by order made September 23,
1903, the causes, Galt, Trustee, v. Bredow, et al., and Ru-
precht, et al. v. Bredow, et al., were consolidated, and the
bill in Ruprecht, et al. v. Bredow, et al., was ordered to
stand as the answer of Caroline, Frank H. and William J.
Ruprecht to the Galt bill, and the consolidated cause was
referred to a master to take proofs and report. Such pro-
ceedings were subsequently had that the court, October 21,
1903, confirmed the report of the master, except as to cer-
tain exceptions of Caroline Ruprecht, found certain sums
of money due on the Galt trust deeds, and ordered a sale
of the premises known as 632 LaSalle avenue and other
premises described in the Galt trust deeds. November 10,
1903, the master reported that he sold the premises 632
LaSalle avenue, for the sum of $18,188.49, which being
sufficient to satisfy the amount found due to complainant
Galt by the decree, he did not offer for sale the remaining
premises described in the decree. The validity of the decree
in favor of Galt is not questioned.

November 21, 1903, Philip Henrici filed a petition in
substance as follows: petition sets up the filing of his
answer; that said note has long since become due by the
terms thereof, and that neither the note nor interest thereon
has been paid; that the master to whom the cause was re-
ferred found the amount due on said trust deed and recom-
mended a sale be made, for the purpose of paying the trust
deed and notes described in the bill, and also the note and
trust deed of petitioner; that the defendant, Ruprecht,
holds a third mortgage on said premises, which is subse-

quent and subject to the lien of petitioner; that the court, although finding by its decree the amount due the respective parties, has reserved the question of priority as between petitioner and defendant, Ruprecht, for future consideration; that since the entry of said decree, sale has been had; the master has sold said premises for an amount sufficient to pay complainant, and therefore the original mortgage has been fully satisfied; that there was no surplus at said sale; that the only lien petitioner has on said premises is a lien on the rents, issues and profits, during the period of redemption; that said trust deed of petitioner mortgages the rents, issues and profits, during the period of redemption, as security for the payment of the note held by petitioner; that the maker of said note, Catherine Bredow, is wholly insolvent; that her husband, Ernest Bredow, has since the entry of said decree, departed this life, leaving practically no estate whatever out of which petitioner's claim could be satisfied; that petitioner is wholly without remedy in the premises; that his security will be lost unless a receiver be appointed. Petitioner therefore prays that the court will appoint a receiver, under a mortgage held by petitioner, to collect the rents, issues and profits, and apply the same to the payment of the indebtedness so due petitioner; that a deficiency decree be entered against said Catherine Bredow, in favor of petitioner, for the amount due on said notes and trust deed; and for general relief; verified by affidavit of Philip Henrici.

November 24, 1903, the court, on appellee's petition, appointed a receiver. That a defendant cannot have affirmative relief on such an answer as that of appellee, and that to obtain such relief he must file a cross-bill, are propositions too well settled to admit of controversy. Smith v. West, 103 Ill. 332, 341; White v. White, 103 Ill. 438, and cases cited.

If either for want of jurisdiction, or for want of the necessary pleading, on which to base ultimate relief, such relief cannot be granted, a receiver cannot properly be appointed. A receiver is an officer of the court, and the

property entrusted to his care is in *custodia legis*, for the benefit of whoever may finally establish his title thereto. High on Receivers, sec. 1. " While it has already been shown that the court, in passing upon the application for a receiver, in no manner forestalls or anticipates the final decision upon the merits, the probability that plaintiff will ultimately be entitled to a decree in his action is still a material element to be considered by the court. And when upon the entire record this is a matter of much doubt, the court is justified in its discretion, in refusing a receiver. To warrant the relief, therefore, plaintiff should present, at least, a *prima facie* case, and the court should be satisfied that there is imminent danger of loss unless a receiver is appointed." Ib., sec. 8.

In Norris v. Lake, 89 Va. 513, 518, the court say : "The appointment of a receiver is not a matter of right, but of discretion, to be governed by the circumstances of the case, one of which circumstances is the probability of the plaintiff's being ultimately entitled to a decree. It is, moreover, a power always to be exercised with caution, and never except in a strong case. The general rule is to refuse an interlocutory application for a receiver, unless the plaintiff presents at least a *prima facie* case, and the court is satisfied that there is imminent danger of loss." See, also, 20 Am. & Eng. Ency. pp. 19 and 20, parag. g and h. In paragraph h the author says that one of the most material circumstances to be considered "is the probability of the plaintiff's being ultimately entitled to a decree." In Wilkinson v. Dobble, 12 Blatchford's U. S. Ct. Ct. R. 298, the court, on interlocutory motion for an injunction and the appointment of a receiver, said : " An injunction will not be granted, or a receiver appointed, where upon the hearing of the motion it is not apparent that the ultimate determination of the suit in favor of the complainants is reasonably probable." See, also, 2 Daniell's Ch. Pl. & Pr., sec. 1717 and n. 4. In view of the fact that appellee has filed no cross-bill entitling him to ultimate relief, there certainly could not, at the time of the appointment of the

receiver, have been any reasonable probability that, in the present suit, he would be entitled to ultimate relief.    In Roach v. Glos, 181 Ill. 440, cited by appellee's counsel, the junior mortgagor filed a cross-bill to foreclose his mortgage and therein asked for the appointment of a receiver.        .

Appellee's counsel contends that the petition for a receiver was sufficient to warrant the appointment, which might be true had appellee filed a cross-bill for the foreclosure of his trust deed, with proper averments, which, if proved, would be a basis for an ultimate decree in his favor; but a mere interlocutory petition for a receiver cannot be regarded as a substitute for a cross-bill, or as a basis for ultimate relief.    In Trotter v. Hecksher, 41 N. J. Eq. 478, the question was, whether a matter should be presented by petition or bill.    The court held the latter, saying, among other things:   " This, certainly, is infinitely more desirable than to proceed against him by simple petition, which is nothing more than a motion in writing, and which he is not required to answer, and which he cannot be compelled to answer," etc.    These remarks are applicable to appellee's petition.    The chancellor, in the present case, properly regarded the petition as a mere motion.    The order, after formally reciting the names of the parties, and of their solicitors, respectively, continues thus:   " And this cause coming on to be heard on the motion of Philip Henrici, based upon his petition for an order appointing a receiver in the above entitled cause," etc.    In every case cited by appellee's counsel, in support of the appointment of the receiver, there had been a bill or cross-bill, as the case required, filed by the party on whose motion the receiver was appointed, constituting a sufficient basis for ultimate relief, and we have been referred to no authority, nor do we know of any, for the appointment of a receiver, on mere petition or motion, in the absence of such bill or cross-bill.    The appointment of a receiver is merely auxiliary to the ultimate relief, and if, for want of proper pleading, no ultimate relief can be decreed, the appointment of a receiver is useless.

Appellee, in his petition, refers to, and makes a part thereof, his answer. In his answer he states that the " said premises," clearly meaning the premises described in the Galt bill, were conveyed to Arnold Tripp in trust, to secure the indebtedness mentioned in the answer. The record shows that lots 628, 630 and 632, were described in the Galt bill as lots on which the complainant had liens, and that only lot 632 was sold by the master, and that the proceeds of the sale of that lot satisfied the indebtedness due the complainant, Galt, leaving lots 628 and 630 subject to the claims of appellant, and it is not averred in the petition or answer of Henrici that the unsold lots and property are insufficient security for the indebtedness due to him and Ruprecht, nor is it averred in the petition that Henrici's trust deed provides for the appointment of a receiver. In First Nat. Bank, etc., v. Gage, 79 Ill. 207, the court say: " A receiver should be appointed in no case, unless it is made to appear there is an imperative necessity for the step, to preserve some particular property for such parties as shall be entitled to the benefit." If the lots, or parcels of land, not sold by the master, and which are included in the Ruprecht and Henrici trust deeds, are sufficient security for the indebtedness due to them, there was no necessity for the appointment of the receiver.

Appellee's counsel urge that Mrs. Bredow, who may be presumed to have been in possession of the mortgaged land, consented, and that appellant has no apparent interest in opposing the appointment of a receiver. Appellant, however, is interested in some of the lands mortgaged and unsold, is a party to the suit and the order appointing the receiver, and, therefore, had the right to appeal and question the validity of the order.

No motion has been made to dismiss the appeal, nor does counsel, in his argument, contend that it should be dismissed. Appellee may, for aught we know, be entitled to the appointment of a receiver, on filing proper pleadings, and making a proper showing, but the order in question is unwarranted, and will be reversed.

*Reversed.*